UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES RICHARDSON,           )<br>                             )<br>      Petitioner,           )<br>                             )<br>  v.                         )<br>                             )<br> U.S. PAROLE COMMISSION,     )<br>                             )<br>      Respondent.            )<br>_____) | Civil Action No. 16-0972 (RJL) |

## MEMORANDUM OPINION
February __16th__, 2017

**FILED**
FEB 17 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

This matter is before the Court on petitioner's *pro se* petition for a writ of habeas corpus ("Pet.") and the United States Parole Commission's Opposition to Defendant's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Comm'n Opp'n"). For the reasons discussed below, the petition will be denied.

## BACKGROUND

On March 8, 1989, on petitioner's conviction for distribution of cocaine and possession with intent to distribute cocaine, the Superior Court of the District of Columbia imposed a sentence of 40 months to 10 years' incarceration. Comm'n Opp'n at 1; *see id.*, Ex. 2 (Judgment and Commitment Order, *United States v. Richardson*, No. F-4054-88 (D.C. Super. Ct. Mar. 8, 1989)). Although the former Board of Parole of the District of Columbia granted petitioner parole through work release in 1992, it rescinded the grant and denied parole. *See id.*, Exs. 3-4 (Notices of Board Order dated May 21, 1992 and

September 17, 1992, respectively). On March 22, 1993, on petitioner's conviction for distribution of cocaine, the Superior Court imposed a consecutive sentence of four to twelve years' incarceration. *See id.*, Ex. 5 (Judgment and Commitment Order, *United States v. Richardson*, No. F-5793-92 (D.C. Super. Ct. Mar. 22, 1993)). His aggregate sentence, then, was 22 years' incarceration. *See id.*, Ex. 1 (Sentence Monitoring Computation Data) at 16. Since petitioner's parole release in 1996, *see id.*, Ex. 6 (Certificate of Parole), his parole has been revoked seven times, *see id.* at 2-4. As of petitioner's most recent parole release on October 31, 2015, he was to remain under supervision until January 13, 2019. *See id.*, Ex. 24 (Certificate of Parole) at 1.

## DISCUSSION

According to petitioner, "the sentence the court handed down has long since passed and/or expired[.]" Pet. at 1 (page numbers designated by ECF). "The sentence here should have expired in 2010," or 22 years after he was taken into custody in 1998, *id.*, yet he remains in custody six years later, *see id.* at 9. He attributes this circumstance to the Parole Commission's actions "extending the court[']s sentence." *Id.* at 1. His sentences "were handed down by the Court the Judicial Branch," *id.* at 8, and he claims that the Parole Commission violates the separation of powers doctrine by acting outside of its executive branch functions, *id.*, causing him to "serve a longer sentence than the court[] intended," *id.* at 1. "This claim is a non-starter." *Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 145 (D.D.C. 2015); *see Hammett v. U.S. Parole Comm'n*, 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010) (observing that "[t]his argument, and similar separation of powers arguments, have been raised often and rejected each time").

2

The Parole Commission is not a court, and it cannot impose a criminal sentence. This authority rests with the Superior Court. See D.C. Code § 11-923(b). Rather, the Parole Commission is authorized "to grant, deny, or revoke a District of Columbia offender's parole and to impose or modify his parole conditions." *Brown v. United States Parole Comm'n*, 190 F.Supp.3d 186, 189 (D.D.C. 2016) (citing D.C. Code § 24-131(a), (c)); *see also Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) (discussing the transfer of parole jurisdiction for District of Columbia prisoners to the Parole Commission). "Its jurisdiction instead extends only to the *execution* of a judicially imposed sentence[.]" *Rahim*, 77 F. Supp. 3d at 145 (citing *Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011)); *see also Maddox v. Elzie*, 238 F.3d 437, 445 (D.C. Cir. 2001). Thus, "[a]s the duly authorized paroling authority, the [Parole] Commission does not usurp a judicial function when, as here, it acts pursuant to the parole laws and regulations of the District of Columbia." *Thompson v. D.C. Dep't of Corr.*, 511 F. Supp. 2d 111, 114 (D.D.C. 2007) (internal quotation marks and citation omitted). In short, the Parole Commission "exercises no judicial function, and its decisions do not violate the separation of powers doctrine." *Ramsey v. Faust*, 943 F. Supp. 2d 77, 81 (D.D.C. 2013) (citations omitted).

Petitioner also argues that the Parole Commission's actions violate the double jeopardy and *ex post facto* clauses. See Pet. at 1. He is mistaken. "The double jeopardy clause prohibits the executive branch from doubling down, bringing multiple prosecutions or seeking successive punishments against a defendant for the same criminal offense." *Brown*, 190 F.Supp.3d at 189 (internal quotation marks and citations omitted). Parole

3

proceedings are not criminal prosecutions. Rather, they are the "continuation of the original sentence that resulted in parole," and jeopardy therefore does not attach. *Id.* (citations omitted); *Campbell v. U.S. Parole Comm'n*, 563 F. Supp. 2d 23, 27 (D.D.C. 2008) (finding the double jeopardy clause "simply not applicable to parole decisions").

An *ex post facto* violation occurs when a law "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts." *Brown*, 190 F.Supp.3d at 190 (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)). The Court presumes that petitioner's *ex post facto* claim arises from the recalculation of his aggregate sentence upon each revocation of parole. "Under District of Columbia law, [petitioner] cannot receive credit for time on parole, commonly known as 'street time,' after his parole has been revoked." *Jones v. Bureau of Prisons*, No. 02-5054, 2002 WL 31189792, *1 (D.C. Cir. Oct. 2, 2002) (per curiam) (citation omitted). Accordingly, "there is no *ex post facto* violation when [petitioner's] sentence was recalculated to exclude any credit previously given for street time." *Id.* (citing *Davis v. Moore*, 772 A.2d 204, 214-15 (D.C. 2001) (en banc)); *see also Thompson*, 511 F. Supp. 2d at 113 (finding that forfeiture of street time "simply returned [petitioner] to the position he would have been but for his release to parole").

Petitioner fails to show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). His petition for a writ of habeas corpus is denied. An Order is issued separately.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE